FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 2 6 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------X

WYCLIFFE H. ODONOGHUE,

                Plaintiff,

**MEMORANDUM AND ORDER**

-against-

12-CV-5338 (ENV)

U.S. DEPARTMENT OF THE ARMY,

                Defendant.
-----------------------------------------------------------X

VITALIANO, D.J.

    Plaintiff Wycliffe H. Odonoghue filed this *pro se* action against the United States Department of Veterans Affairs ("VA") on October 23, 2012 seeking review of the VA's denial of his application for assistance under the Veterans Retraining Assistance Program ("VRAP"). Pursuant to 28 U.S.C. § 1915, his request to proceed *in forma pauperis* is granted for the purposes of this Order. However, for the reasons set forth below, the complaint is dismissed.

## BACKGROUND

    Plaintiff alleges that the VA unlawfully denied his request for education assistance benefits through VRAP and subjected him to unlawful discrimination in the process. He states

that he initially sought benefits to help cover costs of a program in which he was enrolled at LaGuardia Community College, and that the VA denied his application because the program had commenced prior to July 1, 2012. (Ex. A.1 to complaint, ECF p. 13.) Plaintiff subsequently withdrew from LaGuardia and enrolled in Touro College. With the assistance of Touro's Veterans Representative, he filed a second application for VRAP benefit; they were again denied by the VA, which asserted that he was "not enrolled at a community college or technical school." (Ex. A.5, ECF p. 4.). Odonoghue says that he then contacted the VRAP office and that a representative from that office instructed him "to contact a higher authority." (Compl., ECF p. 2.) Plaintiff does not indicate whether he filed an appeal with the Board of Veterans' Appeals or sought review of any such decision in the Court of Appeals for Veterans Claims.

Odonoghue now asks this Court to grant him VRAP benefits for continued study at Touro College and requests an additional $50,000 in damages for "continued hardship, anxieties, and emotional distress."

## **DISCUSSION**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

However, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

(2006). Such is the case here. Title 38 U.S.C. § 511(a) limits all decisionmaking authority on matters regarding veterans' benefits to the Secretary of Veterans Affairs, providing that the Secretary's determinations "shall be final and conclusive and may not be reviewed by any other official or by any court." The statute carves out an exception for "matters covered by chapter 72 of this title," 38 U.S.C. § 511(a)(4), the section of the statute creating the Court of Appeals for Veterans Claims and establishing its "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. §§ 7251-52.[1] The only court with authority to review decisions of the Court of Appeals for Veterans Claims is the United States Supreme Court on a petition for writ of certiorari. 28 U.S.C. § 2072; *see also Ramnarain v. U.S. Veterans Admin.*, No. 11 CV 4988 (BMC), 2012 WL 1041664, at *4 (E.D.N.Y. Mar. 28, 2012).

Quite simply, the statutory scheme forecloses the possibility of review for disputed veterans benefits claims in any federal district court. Short of a statutory waiver, claims against the United State, its agencies and employees (functioning in their official capacities) are barred under the principle of sovereign immunity. *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61, 119 S.Ct. 687 (1999)). Plaintiff has not cited a statutory basis on which sovereign immunity should be waived in this instance. The Court is certainly unaware of any. Consequently, the Court lacks jurisdiction to review plaintiff's claim, and hereby dismisses it.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The dismissal is without prejudice to plaintiff's ability to

---

[1] The Board is an administrative tribunal in the VA system that decides appeals at the Secretarial level. *See id.* § 7101-7112.

3

pursue his claims in the proper forum. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith; thus, *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED.

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
November 26, 2012